UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JOHN J. ZENT, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CAUSE NO. 1:10-cv-80 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Plaintiff John J. Zent brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On December 16, 2010, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 21.) Zent later filed a Motion to recover attorney fees in the amount of $8,400 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 26.) The Commissioner, however, opposes Zent's fee request, arguing that its litigation position was "substantially justified."

For the reasons set forth herein, Zent's motion will be DENIED.

## I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires the Commissioner to show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

"Substantially justified does not mean justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citation and internal quotation marks omitted). Indeed, the Commissioner can take a position that is substantially justified, but still lose. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988). The Commissioner bears the burden of establishing that its position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

## II. DISCUSSION

Zent offered numerous arguments in opposition to the Administrative Law Judge's ("ALJ") original decision denying benefits. Specifically, Zent claimed that (1) the ALJ erred when he failed to consider his impairments, including his morbid obesity, in combination; (2) the ALJ's credibility determination was not supported by substantial evidence; (3) the ALJ improperly rejected the opinion of a treating physician, Dr. James Ingram; (4) the medical opinion of Dr. Brian Zehr necessitated a remand pursuant to sentence six of 42 U.S.C. § 405(g);

2

and (5) the ALJ failed to properly apply the Medical Vocational Guidelines in light of Zent's borderline age situation. (Opening Br. of Pl. in Social Security Appeal ("Br.") 13-25.)

Although the Court concluded that the majority of Zent's arguments were unpersuasive, his argument that the ALJ failed to properly consider his borderline age situation necessitated a remand.

A "borderline age situation" arises when a claimant's precise age can be a determinative factor in determining eligibility for disability benefits. The Regulations generally classify a claimant under the age of 50 as a "younger person," and presume that his age will not seriously affect his ability to adjust to other work. 20 C.F.R. § 404.1563(c). Alternatively, a claimant between the ages of 50 and 54 is classified as a "person closely approaching advanced age." 20 C.F.R. § 404.1563(c). The Regulations direct the Commissioner to consider that, along with any severe impairments and limited work experience, such a claimant's age may seriously affect his ability to adjust to other work. *Id.* Finally, a claimant over 55 is considered to be a "person of advanced age," and the Commissioner must consider that such a claimant's age will significantly affect his ability to transition to other work. 20 C.F.R. § 404.1563(d).

The Medical Vocational Guidelines, commonly referred to as the "grids," take into account a claimant's age, as well as the level of education, previous work experience, and the maximum level of work he may perform, to determine disability. *See* 20 C.F.R. § 404, Subpt. P, App. 2. The grids create a matrix that directs a finding of either "disabled" or "not disabled" based on a claimant's specific attributes. For example, Medical Vocational Guideline 201.19 directs a finding of not disabled for a "younger individual" limited to sedentary work, with a limited education, and non-transferable skills. 20 C.F.R. § 404, Subpt. P, App. 2. However,

Medical Vocational Guideline 201.10 provides that an individual "closely approaching advanced age," but with the same limitation to sedentary work, limited education, and nontransferable skills, should be found disabled. *Id*.

Recognizing the potentially dispositive importance of a claimant's age, the Regulations direct the ALJ to "not apply these age categories mechanically in a borderline situation." 20 C.F.R. § 404.1563(b). *See also Heckler v. Campbell*, 461 U.S. 458, 462 (1983); *Graham v. Massanari*, No. 00 C 4669, 2001 WL 527326, at *8 (N.D. Ill. May 9, 2001). Rather, "if [the claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [he is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 CFR § 404.1563(b). *See also* SSR 82-46(c); *Hawkins v. Apfel*, No. 97 C 6760, 1998 WL 378421, at *1 (N.D. Ill. July 1, 1998).

Zent argued that the ALJ mechanically applied the Medical Vocational Guidelines to his borderline age situation. He pointed out that he was 49 years old and classified as a "younger individual" as of his date last insured of June 30, 2004, but that he turned 50 on August 30, 2004, and was then re-classified as "an individual closely approaching advanced age." (Br. 23.) Zent claimed that the ALJ committed error when he mechanically applied the "younger individual" classification to him, apparently without recognizing that a borderline age situation existed. "If the ALJ had considered [Zent] as a person 'closely approaching advanced age,' Medical Vocational Rule 201.10 would have directed a conclusion of disabled in light of [Zent's] past-work experience and limitation to sedentary work." (Br. 23.)

In response, the Commissioner did not dispute that a borderline age situation existed.

(Resp. Br. 20.) Rather, he argued that the ALJ did not commit error by failing to explicitly discuss why he applied Zent's chronological age of 49 and classified him as a "younger individual" instead of re-classifying him as an "individual closely approaching advanced age." (Resp. Br. 20.) In support, the Commissioner recognized the lack of case law on the subject in the Seventh Circuit and urged this Court to adopt the recent holding by the Sixth Circuit Court of Appeals in *Bowie v. Commissioner of Social Security*, 539 F.3d 395 (6th Cir. 2008), in which the Court of Appeals declined to impose a *per se* requirement on the ALJ to discuss a borderline age situation.

The Court, however, found Zent's argument to be persuasive. The Court acknowledged the Sixth Circuit's decision in *Bowie*, but also recognized contrary authority in *Daniels v. Apfel*, 154 F.3d 1129, 1133-34 (10th Cir. 1998), in which the Tenth Circuit held that the Commissioner must discuss the borderline age situation whenever the claimant is within a few days or months of the next age category and applying the next category would result in a different disability determination. Notably, the Seventh Circuit Court of Appeals has yet to address this issue, and in the few District Court cases in the Seventh Circuit to address the question, *see Freundt v. Massanari*, No. 00 C 4456, 2001 WL 1356146, at *17-20 (N.D. Ill. Nov. 2, 2001); *Graham*, 2001 WL 527326, at *8, Courts have remanded the case where the ALJ failed to consider the borderline age situation.

Ultimately, the Court found that it could not trace the ALJ's reasoning, where the decision indicated that the ALJ was aware of the borderline age situation but there was no indication about why he chose to classify Zent as a younger individual instead of an individual closely approaching advanced age. Considering the lack of case law in the Seventh Circuit, and

5

based on the particular and unique facts of this case, the Court remanded the case so that the ALJ could consider whether Zent should be re-classified. (Order 13-14.)

Nevertheless, the Commissioner's defense of the ALJ's opinion as a whole was substantially justified despite the Court's remand. *See Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).

To begin, the Court's decision in favor of remand was a very close call. The ALJ's opinion was thorough and all but one of Zent's arguments in favor of remand were unpersuasive. "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Purvis v. Barnhart*, No. 1:04-cv-2124, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) (citing *Cunningham*, 440 F.3d at 864; *Golembiewski*, 382 F.3d at 724).

Furthermore, and perhaps most importantly, the case law in the Seventh Circuit on the obligations of the ALJ when a borderline age situation exists has not been well-developed. The Seventh Circuit Court of Appeals has yet to address the question, and the parties acknowledged that a split exists between the Sixth Circuit and Tenth Circuit Courts of Appeals. *See Bowie*, 539 F.3d at 403; *Daniels*, 154 F.3d at 1133-34. In light of the unsettled Seventh Circuit case law, the Commissioner reasonably urged the Court to adopt the Sixth Circuit's recent holding in *Bowie*. The fact that the Court declined to do so and remanded the case for further consideration does

6

not, however, indicate that the Commissioner's position did not have a reasonable basis in law and fact. *See Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) (finding substantial justification where Commissioner's position was supported by case law from other circuits); *Kusilek v. Barnhart*, No. 04-C-310, 2005 WL 567816, at *4-5 (W.D. Wis. Mar. 2, 2005) (finding substantial justification in light of unsettled Seventh Circuit case law and split with other circuits); *Beno v. Shalala*, No. 91 C 0544, 1994 WL 8236, at *3 (N.D. Ill. Dec. 29, 1993) (same).

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001). In this case, the ALJ did not ignore entire lines of evidence or flagrantly disregard regulations and precedent. Rather, the ALJ's decision was remanded for further consideration in light of the particular facts of this case and the unsettled Seventh Circuit case law on the ALJ's obligations in a borderline age situation. Accordingly, the Commissioner's position as a whole was substantially justified, and Zent's request for attorney fees will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified. Therefore, Zent's Motion for Attorney Fees (Docket # 26) is DENIED.

SO ORDERED.

Enter for April 15, 2011.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge

7