UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN J. ZENT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:10-CV-00080 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

    Plaintiff John Zent brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On December 16, 2010, this Court entered an Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (Docket # 21.)

    Zent's attorneys, Ann Trzynka and Andrew Simon, now move pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $6,279 for their representation of Zent in federal court. (Docket # 34.) The Commissioner has not objected to Zent's request for fees, and the time to do so has now passed. For the reasons set forth herein, Trzynka's and Simmons's motion for authorization of attorney fees will be GRANTED.

*A. Relevant Factual and Procedural Background*

    On March 22, 2010, Trzynka and Simmons entered into a contingent fee agreement with Zent for their representation of him in federal court.[1] (Zent Aff. ¶ 4; Trzynka Aff. ¶ 3, Ex. A; Simmons Aff. ¶ 3, Ex. A.) Under the agreement, Zent agreed that Trzynka and Simmons would

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

"charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Trzynka Aff. Ex. A; Simmons Aff. Ex. A.)

On March 22, 2010, Zent filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (Docket # 1.)  On December 16, 2010, Zent received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (Docket # 21, 22.)  Trzynka and Simmons then filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for 48 of the 55.2 hours they spent advocating Zent's claim in federal court. (Docket # 26.)  The Court ultimately concluded that the Commissioner was substantially justified in defending its position and therefore denied Zent's request for EAJA fees. (Docket # 32.)  Trzynka was, however, awarded $6,000 in attorney fees pursuant to 42 U.S.C. § 406(a) for her representation of Zent at the administrative level. (Zent Aff. ¶ 6; Trzynka Aff. ¶ 5.)

Ultimately, the Commissioner awarded disability benefits to Zent, and as a result, he became entitled to $49,116 in back benefits. (Zent Aff. ¶ 3; Trzynka Aff. ¶ 5, Ex. B; Simmons Aff. ¶ 5, Ex. B.)  On October 4, 2011, Trzynka and Simmons filed the instant motion, seeking the Court's authorization of a payment of $6,279 in attorney fees from Zent pursuant to the contingent fee agreement. (Docket # 34.)

### B.  Legal Standard

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96.  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for

representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed 25% of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under §

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807-08 (citations and footnote omitted).

### *C. Discussion*

Trzynka and Simmons request that the Court authorize the payment of attorney fees under § 406(b) in the amount of $6,279 pursuant to their contingent fee agreement for representing Zent in federal court. Accordingly, the Court is charged with determining whether their requested fee under the contingent fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Zent's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). In that regard, the amount that Trzynka and Simmons request, $6,279, when added to the $6,000 awarded to Trzynka under 406(a), does not exceed 25% of the $49,116 in past-due benefits awarded to Zent. *See Kopulos*, 318 F. Supp. 2d at 661; *Bartrom*, 2003 WL 21919181, at *2-3.

Trzynka and Simmons contend that an award of $6,279 is reasonable when considering the 55.2 hours they spent representing Zent in federal court, the contingent nature of the fee, and the good result they achieved for him. (Docket # 35.) Indeed, "there is a great risk of loss in

social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)). Moreover, Zent affirmatively represents that he believes the requested fee is "reasonable" and "should be approved." (Zent Aff. ¶ 6.)

In addition, the requested fee of $6,279 divided by the 55.2 hours Trzynka and Simmons spent on the case in federal court, equates to an effective rate of just $113.75 per hour, which is well below the effective rate in previous awards by this Court.[4] *See, e.g., Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour). In fact, even if the 55.2 hours were halved due to efficiency concerns, the requested fee would *still* be reasonable, equating to an effective rate of $227.50. In any event, as Trzynka and Simmons emphasize, this case presented a novel question—whether or not the ALJ was required to explicitly articulate his consideration of Zent's borderline age situation—that is "unsettled" in Seventh Circuit case law, which undoubtedly increased the time needed to research and brief the arguments. (Op. and Order, Apr. 15, 2011, at 6; Trzynka Aff. ¶ 9; Simmons Aff. ¶ 9.)

As a result, Trzynka's and Simmons's motion seeking a fee award of $6,279 will be

---

[4] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable," *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

GRANTED, payable as they request: $3,346.71 to Trzynka for her 25.80 hours of representation and $2,932.29 to Simmons for his 29.40 hours of representation. (Trzynka Aff. ¶¶ 12, 14, 15; Simmons Aff. ¶¶ 12, 14, 15.)

### D.  Conclusion

For the foregoing reasons, Trzynka's and Simmons's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Docket # 34) is GRANTED in the total amount of $6,279, with $3,346.71 payable to Attorney Trzynka and $2,932.29 payable to Attorney Simmons.

SO ORDERED.

Enter for this 25th day of October, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge